IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Joe V. Wright, | Case No. 3:08 CV 2283 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Raceway Park, Inc., et al., | |
| Defendants. | |

*Pro se* Plaintiff Joe Wright brings this *in forma pauperis* action against Raceway Park, Thomas Sobecki, and the Ohio Civil Rights Commission. Plaintiff later filed a lengthy Supplement to his Complaint seeking the "maximum the court will pay w/pain and suffering."

## BACKGROUND

The Complaint is a series of incomplete paragraphs written along the right-hand margins of several civil complaint cover pages. Some paragraphs mention retaliation, harassment, termination from his job, and discrimination based on religion. Other pages contain notes complaining about the handling of a former lawsuit. Included in the hundreds of pages of attachments are 26 pages of time cards, 67 pages of time card reports and 19 pages of letters to the Equal Employment Opportunity Commission (EEOC). The pay stubs date back to 2006 and the four EEOC Notices of Right to Sue are dated February 26, 2007, March 30, 2007, August 24, 2007, and September 10, 2007. Beyond these facts, the Court cannot discern with any degree of clarity the nature of Wright's allegations.

## STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, generous construction of *pro se* pleadings is not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v.City of*

*Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434,437 (6th Cir. 1988). The basic tenets of notice pleading require, in relevant part:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a). Even under the liberal notice pleading requirements of Rule 8 and the liberal perspective in which *pro se* complaints are generally viewed, this Complaint does not contain even the minimum requirements of a "short and plain statement" of a claim showing entitlement to relief. *See* FED. CIV. R. P. 8(a); *Vector Research, Inc. v. Howard & Howard Attorneys P.C.*, 76 F.3d 692, 697 (6th Cir. 1996) ("Under the liberal federal system of notice pleading, all that a plaintiff must do in a complaint is give a defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'") (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* Moreover, legal conclusions alone are insufficient to present a valid claim, and this Court is not required to accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10,

12 (6th Cir. 1987); *see also Place v. Shepherd*, 446 F.2d 1239 (6th Cir. 1971) (conclusory § 1983 claim dismissed).

## LACK OF JURISDICTION

Wright has not stated a basis for this Court's jurisdiction. All parties reside in Ohio and there is no alleged amount in controversy that may suffice for assertion of diversity jurisdiction. *See* 28 U.S.C. § 1332.[1] Moreover, he has failed to state any viable federal claim for relief, and the Court is not required to construe any federal cause of action he might be attempting to assert. *Beaudett*, 775 F.2d at 1278. Without a readily discernible basis for this Court's jurisdiction, Plaintiff's claim must be dismissed.

## CONCLUSION

Accordingly, Plaintiff's Motion to Proceed *in Forma Pauperis* (Doc. No. 2) is **granted** and this action is **dismissed** under Section 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

December 30, 2008

---

[1] The statute provides, in relevant part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> > (1) citizens of different States;

28 U.S.C. § 1332(a).